**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARIAN DAVID JOHNSON, | Case No.: 1:17-cv-00399-JLT (HC) |
| Petitioner, | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |
| v. | FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| RON DAVID, Warden, | |
| Respondent. | [TWENTY-ONE DAY OBJECTION DEADLINE] |

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 claiming he should be resentenced pursuant to Cal. Penal Code § 1170.126. Because his claims are based solely on state law, the Court is without habeas jurisdiction. Therefore, the Court will recommend the petition be DISMISSED.

**I.      PROCEDURAL HISTORY**

Petitioner is currently serving a sentence of 25-years-to-life under California's Three Strikes law for his conviction of two counts of battery with serious bodily injury. (Doc. No. 1 at 1.) On February 19, 2013, Petitioner petitioned for recall of his sentence in the Fresno County Superior Court pursuant to Cal. Penal Code § 1170.126(b). (Doc. No. 1 at 42.) The Fresno County Superior Court summarily denied the petition on March 8, 2013, finding Petitioner ineligible for resentencing, as a matter of state law, because his current convictions constituted serious felonies. (Doc. No. 1 at 42-43.)

1

Petitioner appealed to the California Court of Appeal, Fifth District Court, which affirmed the judgment in a reasoned decision January 28, 2016.  People v. Johnson, 244 Cal. App. 4th 384, 388 (2016), *review denied* (Apr. 20, 2016).  Petitioner then filed a petition for review in the California Supreme Court.  The petition was summarily denied on April 20, 2016.  (Doc. No. 1 at 2.)

Petitioner filed this federal petition in this Court on March 20, 2017.  (Doc. No. 1.)

## II.   DISCUSSION

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).  The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

B.  Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute.  Title 28 U.S.C. § 2254(a) states:

The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

2

1   28 U.S.C. § 2254(d)(1),(2).

2        It is well-settled that federal habeas relief is not available to state prisoners challenging state

3   law.  Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas

4   corpus relief does not lie for errors of state law); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997)

5   ("alleged errors in the application of state law are not cognizable in federal habeas corpus"

6   proceedings).

7        Petitioner challenges the state court's application of state sentencing laws.  Such a claim does

8   not give rise to a federal question cognizable on federal habeas review.  Lewis v. Jeffers, 497 U.S. 764

9   (1990); Sturm v. California Youth Authority, 395 F.2d 446, 448 (9th Cir. 1967) ("a state court's

10  interpretation of its [sentencing] statute does not raise a federal question").  In order to state a claim

11  for relief, Petitioner must demonstrate that the state committed sentencing error, and that the error was

12  "so arbitrary or capricious as to constitute an independent due process" violation.  Richmond v. Lewis,

13  506 U.S. 40 (1992).  Petitioner has failed to demonstrate such a violation here, because on its face, the

14  petition shows no sentencing error or arbitrariness.

15       Cal. Penal Code § 1170.126(b) allows the sentencing court to recall sentences only for those

16  prisoners whose convictions are for "a felony or felonies that [is/]are not defined as serious and/or

17  violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7" and who do

18  not meet one of the exclusions in Section 667.5 (e)(2)(C).  Section 1192.7(c)(8) renders ineligible for

19  resentencing "[a]ny felony in which the defendant inflicts great bodily injury on any person, other than

20  an accomplice . . . ."  In this case, Petitioner was found guilty of inflicting serious bodily injury on a

21  person other than an accomplice.  Johnson, 244 Cal.App.4th at 390.  The state court in Johnson further

22  held that "'serious bodily injury,' as that term is used in section 243, subdivision (d) and defined in

23  section 243, subdivision (f)(4), is the equivalent of 'great bodily injury,' as that phrase is used in

24  section 1192.7, subdivision (c)(8)."  Johnson, 244 Cal. App. 4th at 387.  Therefore, Petitioner was

25  determined to be ineligible for resentencing.  This Court is bound by the state court's interpretation in

26  Johnson of how Section 1170.126 applies to convictions such as Petitioner's.  Bradshaw v. Richey,

27  548 U.S. 74, 76 (2005) (per curiam).  Insofar as this Court is bound by the state court's determination

28  that no sentencing error occurred, Petitioner fails to state a cognizable federal habeas claim.  The

3

petition should be dismissed.

**III.     ORDER**

The Clerk of Court is **DIRECTED** to assign a district judge to the case.

**IV.     RECOMMENDATION**

Accordingly, the Court **RECOMMENDS** that the petition for writ of habeas corpus be **SUMMARILY DISMISSED** for failure to state a claim.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one days after being served with a copy, Petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __March 30, 2017__                    _____/s/ Jennifer L. Thurston_
                                                           UNITED STATES MAGISTRATE JUDGE